IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. BOUTER, | ) | CASE NO. 1:09 CV 2682 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Patricia A. Bouter, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Bouter had severe impairments consisting of inflammatory arthritis and adjustment disorder with depressed mood.[1] The ALJ made the following finding regarding Bouter's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally, sit 8 hours in an eight-hour day and stand and walk 6 of 8 hours with the ability to alternate her position between sitting and standing. The claimant retains the capacity to perform light work

---

[1] Transcript ("Tr.") at 15.

  as defined in 20 CFR 404.1567(b) and 416.967(b) involving simple low stress repetitive job tasks not involving any climbing or frequent reaching and handling.[2]

Given that residual functional capacity, the ALJ found Bouter incapable of performing her past relevant work as a certified nursing assistant, hauler/excavator, and farm worker.[3]

  Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Bouter could perform.[4] The ALJ, therefore, found Bouter not under a disability.[5]

  Bouter asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Bouter argues that the residual functional capacity finding lacks the support of substantial evidence because the ALJ did not properly weigh the opinion of her treating rheumatologist or articulate as to that opinion.

  I conclude that the ALJ did not properly weigh and articulate with respect to the opinion of Bouter's treating rheumatologist, as required by applicable regulations and case law. The case, therefore, must be remanded for reconsoderation of the residual functional capacity finding.

---

[2] *Id.* at 17.

[3] *Id.* at 22.

[4] *Id.* at 23.

[5] *Id.* at 24.

## Analysis

**A.   Introduction**

This case turns on the ALJ's treatment of the evaluation of David Mandel, M.D., Bouter's treating rheumatologist. Dr. Mandel opined that Bouter's rheumatoid arthritis, which the ALJ found a severe impairment,[6] seriously limited her ability to grasp, manipulate, and reach with both hands.[7]

The Commissioner does not dispute that Dr. Mandel is a treating source. The issue is whether the ALJ treated Dr. Mandel's opinion consistent with the applicable regulations.

**B.   The treating source rule**

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[8]

---

[6] Tr. at 15.

[7] *Id.* at 838.

[8] 20 C.F.R. § 404.1527(d)(2).

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[9]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[10] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[11]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[12] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[13] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[14] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[15]

---

[9] *Id.*

[10] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[11] *Id.*

[12] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[13] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[14] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[15] *Id.* at 535.

In *Wilson v. Commissioner of Social Security*,[16] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[17] The court noted that the regulation expressly contains a "good reasons" requirement.[18] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[19]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[20] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[21] The former confers a substantial, procedural right on

---

[16] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[17] *Id.* at 544.

[18] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[19] *Id.* at 546.

[20] *Id.*

[21] *Id.*

the party invoking it that cannot be set aside for harmless error.[22] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[23]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[24] Second, the ALJ must identify for the record evidence supporting that finding."[25] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[26]

In a nutshell, the *Wilson* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive

---

[22] *Id.*

[23] *Id.*

[24] *Wilson*, 378 F.3d at 546.

[25] *Id.*

[26] *Id.*

controlling weight.[27] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[28] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[29] or that objective medical evidence does not support that opinion.[30]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[31] The Commissioner's *post hoc* arguments on judicial review are immaterial.[32]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment.

---

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[28] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[29] *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

[30] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

[31] *Blakley*, 581 F.3d at 407.

[32] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[33]

- the rejection or discounting of the weight of a treating source without assigning weight,[34]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[35]

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[36]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[37] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[38]

---

[33] *Blakley*, 581 F.3d at 407-08.

[34] *Id.* at 408.

[35] *Id.*

[36] *Id.* at 409.

[37] *Hensley*, 573 F.3d at 266-67.

[38] *Friend*, 2010 WL 1725066, at *8.

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[39] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[40] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[41]

In *Cole v. Astrue*,[42] the Sixth Circuit recently reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[43]

### C. The application of the treating source rule to the ALJ's treatment of Dr. Mandel's opinion

The ALJ identifies and discusses Dr. Mandel's opinion.[44] He does not state if he considered Dr. Mandel a treating source or what weight, if any, he assigned to the opinion.[45]

---

[39] *Blakley*, 581 F.3d 399.

[40] *Id*. at 409-10.

[41] *Id*. at 410.

[42] *Cole v. Astrue*, Case No. 09-4309 (6th Cir. Sept. 22, 2011) (slip opinion).

[43] *Id.* at 11.

[44] Tr. at 21, 22.

[45] *Id.*

And in discussing the critical limitations, he erroneously notes that limitations on the use of the hands and the fingers are consistent with the residual functional capacity finding.[46] Dr. Mandel concluded that Bouter could use her hands, fingers, and arms to grasp (handle[47]) and reach only 25% of a competitive workday and manipulate only 40% of such a day.[48] The residual functional capacity finding provided for "frequent reaching and handling."[49] Frequent means between one-third to two-thirds of the time.[50]

As such, there is no argument that the Commissioner adopted Dr. Mandel's opinion or made findings consistent with it. And this is not a case where the opinion of the treating source is so patently deficient that the Commissioner could not credit it. The ALJ found that Bouter's limitation could be as severe as 33-1/3%. Given the departure of the ALJ from the standards set out in the regulations and in *Wilson* and its progeny,[51] I cannot conclude that the ALJ's treatment of Dr. Mandel's opinion here satisfies the goals of the regulation.

---

[46] *Id.* at 22.

[47] "Handle" includes "grasp." SSA POMS DI25001.001, ¶ 19, 2002 WL 1878657 (2002).

[48] Tr. at 823.

[49] *Id.* at 17. The ALJ, apparently, imposed no limitations on manipulation.

[50] Social Security Ruling 83-10, 1983 WL 31251, at *6 (1983).

[51] I note that the ALJ who decided this case is located in Norfolk, Virginia, outside of the Sixth Circuit. Tr. at 12.

## Conclusion

Based on the foregoing, the decision of the Commissioner denying Bouter's applications for disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding consistent with this opinion.

IT IS SO ORDERED.


Dated:  October 19, 2011                                  s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge